# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30649
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2014

Lyle W. Cayce
Clerk

EMMETT BURRLE, JR.,

Plaintiff - Appellant

v.

PLAQUEMINES PARISH GOVERNMENT,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-739

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Emmett Burrle, Jr. formerly worked in construction for the Plaquemines Parish Government ("the Parish"). After resigning his post, Burrle reapplied for positions within the Parish. He was not rehired. He subsequently filed hostile work environment and constructive discharge claims,[1] which failed to withstand the Parish's motion for summary judgment. We agree with the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] These claims were made under 42 U.S.C. § 1981.

No. 13-30649

district court that Burrle presented insufficient evidence to support his claims, and we affirm its grant of summary judgment.

## I.

Burrle's claims revolve around his supervisor, Scott Lott. Burrle is an African American and Lott is Caucasian. As a preliminary matter, Lott promoted Burrle to Supervisor, over three white candidates, and then to temporary Superintendent. Lott also personally loaned Burrle over $1,000 when Burrle told him that he needed money for a personal matter. After he quit, Burrle refused to state why he was resigning at his exit interview. When he filed for state unemployment benefits, he explained his resignation was motivated by an inability to deal with the stress of the job. The Parish's Human Resources Director indicated that of the five Parish employees complaining to her about Lott, only Burrle was black and the other four were white.

## II.

We review summary judgment grants de novo. *Young v. Equifax Credit Information Servs., Inc.,* 294 F.3d 631, 635 (5th Cir. 2002). Summary judgment is properly granted if there is no "evidence . . . such that a reasonable jury could return a verdict for the nonmoving party" when all evidence is viewed in the light most favorable to the non-movant. *Royal v. CCC&R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir. 2013) (internal quotation marks and citation omitted). The moving party may carry his burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 318, 325 (1986).

## A.

Prevailing on a hostile work environment claim generally requires a plaintiff to establish that:

2

(1) he belongs to a protected group, (2) he was subjected to unwelcome harassment, (3) the harassment complained of was based on race, (4) the harassment complained of affected a term, condition, or privilege of his employment, and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.

*Barkley v. Singing River Elec. Power Ass'n*, 433 F. Appx. 254, 258 (5th Cir. 2011).

Burrle fails to establish that, because of his race, he was subject to harassment "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986) (internal quotation marks and citation omitted).

The Parish supplied several affidavits indicating that Lott exhibited no racist behavior. By contrast, Burrle's allegations are reduced to two incidents. First, Lott allegedly asked Burrle "when is that boy going to retire," referring to a black worker who was not present. This incident does not rise to the level of "severe or pervasive" harassment required under *Meritor*. Second, a man apparently not employed by the Parish allegedly used the "n" word in Lott and Burrle's presence. Burrle argues that Lott somehow sanctioned this use, but Burrle's account does not support his own argument.[2] Moreover, Lott does not remember the man in question using the "n" word, and no witnesses support Burrle's story.

The only piece of evidence that even remotely hints that Burrle might have been the target of racial discrimination is his signed declaration.

---

[2] Burrle states that a councilman told him, "Excuse me [Burrle], but I hate that ["n" word], Randy . . . ." Lott asked the councilman, "Who?" The councilman supplied Randy's last name. Lott replied, "Me, too."

No. 13-30649

Summary judgment continues to be proper, however, when (a) the only evidence the plaintiff produces after extensive discovery is a self-serving affidavit and (b) evidence favoring summary judgment is overwhelming.[3]  *Cf. BMG v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) ("[c]onsidering that the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant," summary judgment was appropriate); *see also Vais Arms, Inc. v. Vais*, 383 F. 3d 287, 294 (5th Cir. 2004) (defendant's "vague, self-serving statements in his affidavit" were insufficient to raise a genuine issue of material fact in the face of plaintiff's "overwhelming evidence").  Burrle also argues, without citing any authority, that the district court should not have struck a declaration by Burrle's witness.  Nothing suggests that the district court erred in striking the declaration for non-conformance with 28 U.S.C. § 1746 (putting forth the requirements for unsworn declarations).[4]

---

[3] Burrle goes into extensive detail about workplace incidents that do little to advance his claim.  Burrle points to an incident that predated Lott's tenure in which a white Parish employee under him used the "n" word in an argument with a black employee.  The black employee, however, then used the Parish's grievance procedure and was satisfied with the outcome.

Also, Lott allegedly wrote up black employees but did not write up white employees for what Burrle claims was similar conduct.  Other than the label Burrle affixes to the write-ups, there seems to be no indication that the write-ups were racially motivated.  On one occasion, Lott required Burrle to write up a black foreman.  Rather than being an example of racism, however, the write-up was based on the black foreman's refusal to himself write up a white employee under him.

Burrle also asserts that Lott micromanaged his work and did not supply him with an adequate budget.  He presents no third-party evidence that this was racially motivated.  And in fact, white employees appear to have complained of similar micromanagement.

[4] Burrle's witness later signed an affidavit, filed by the Parish, in which he stated that his signature on the declaration submitted by Burrle was not intended to reflect the accuracy of the statement.  The declaration submitted by Burrle was apparently handwritten by Burrle's lawyer and signed by the witness at the bottom.

No. 13-30649

We agree with the district court that Burrle has not produced evidence that, when viewed in the light most favorable to him, could convince a reasonable jury to find for him on his hostile work environment claim.  *See Royal*, 736 F.3d at 400.  This claim consequently fails.

B.

Burrle's constructive discharge claim fails as well.  A prerequisite to a constructive discharge claim is that it "requires a greater severity of pervasiveness or harassment than the minimum required to prove a hostile work environment."  *Landgraf v. USI Film Products*, 968 F.2d 427, 430 (5th Cir. 1991).  Because Burrle has failed to produce sufficient evidence to support his hostile work environment claim, he has similarly failed to produce evidence sufficient to support a constructive discharge claim.

III.

Because we find that Burrle has not raised a genuine issue of material fact on his hostile work environment or constructive discharge claims, the district court's summary judgment is

AFFIRMED.

5